Good morning. May it please the Court, my name is Raina Tanner, counsel on behalf of Petitioner Juan Tapia Luna. At this time, Your Honors, I would like to reserve two minutes rebuttal. As provided by Justice Brandeis and followed by Justice Douglas, deportation may result in the loss of all that makes life worth living. Therefore, this Court must take meticulous care to assure the immigration judgments take meticulous care to assure the essential standards of fairness are provided. At the time of Mr. Tapia's removal hearing, in which he appeared pro se, he had been a lawful permanent resident for ten years, married to a native-born United States citizen, had two U.S. citizen children, yet he was not provided with fundamental fairness. There are two points I would like to make today. First is that reopening is required because the immigration judge violated his regulatory duty to inform Mr. Tapia of his apparent eligibility for relief in violation of his right to due process. And second, the application as any regulation to disallow the filing of this motion to reopen and reopening is improper. Let me ask you a little about the timeline to help me walk through it. So when he took the plea agreement, he had yet accumulated the seven years of residence, is that right? Yes, Your Honor. He had not had the full seven years of lawful unrelinquished homicide. Then at the point where he had the first removal hearing before the immigration judge, then he did have the seven years. Yes, he did. Is that right? Ten years. And so we've said in Gallegos-Velasquez that he could rely on the availability of 212C relief. Yes. But then Saint's Hear was decided in 2001. Yes. And then the regulations came out, and he didn't take any step after that point. So to the extent you're arguing for equitable tolling or equitable relief of that sort, what do we do about that gap period? Well, as Your Honors are aware, Lynn V. Gonzalez and the Ninth Circuit did not come down until January of 2007. That regulation barred any post-departure motions to reopen, 1003.23b1. And this Court said no, that you are allowed to file a post-departure motion to reopen. In our case, Mr. Tapia was physically removed after the three-minute recorded hearing, the only one he was essentially given. He was physically removed from the United States. All motions to reopen post-departure at that point were being interpreted as barred. In fact, in our case, in 2008, the Board of Immigration Appeals is still not listening to this Ninth Circuit in their case and Lynn V. Gonzalez when they said aliens are entitled to one motion to reopen under INA Section 240C7. So when are you saying he returned to the country? Well, the facts are not in evidence at this time, Your Honors. And there is also discrepancy as to whether the entry was actually illegal or not. The BIA's even recent decisions have said that as long as there was procedural regularity in his reentry, although at this time there's no reinstatement order, the government has not sought a 1326 illegal reentry hearing. So at this point, the illegal reentry, whether it was the legal or unlawful or unlawful, his motion to reopen should not be barred. Under 1003.23b1, this Board, as Administrator Recorded 3, completely ignored Lynn V. Gonzalez and said we are barring this motion under 1003.23b1. Again, any regulatory bar to the filing of this motion to reopen is unlawful, whether it's the 1003.44, the special motion to reopen to seek 212C relief, whether it's that bar, which says that you cannot file a motion to reopen post-departure or after illegal reentry. That is a violation of the INA Section 240C7A, which says aliens are entitled to one motion to reopen. So help me understand. You're saying that because he was removed after the hearing, he wasn't able to file a motion to reopen in that 90 days. Yes. He didn't seek a stay or anything of that sort. But you're saying he was pro se, so perhaps he didn't know. And then when we had the 2004, I guess, is when the regulations were filed, the special motion for St. Cyr relief. Yes, the 1003.44 was October, September, and then October they went into effect. And then they had a deadline of April 2005. Yes. And are you telling us that he wasn't in the country at that point? Or why shouldn't he be responsible for filing a motion to reopen to take advantage of that special relief? At that point, Your Honor, he had been told by an immigration judge that he was not entitled to 212C relief, essentially. He was not advised that he had any right to relief. Right, but the statute comes out, and so that puts him on notice. I don't think he can bring a facial challenge to the constitutionality of that statute, the way this case is postured. So why isn't he on notice, and why doesn't he have to file within the 90 days? Respectfully, Your Honor, that the 1003.44 regulation, in most of those cases in which reopening was sought, most immigrants had been denied 212C relief. They had been put on notice. The judge had done what he was supposed to do and said, you have the right to seek this. But what if he didn't find out until 2010 on that statute? Then you're saying that he's entitled to equitable tolling for all of those years, even though the statute had been there all that time? Well, in the April 26, 2005 statute, as well as the tolling from 2000 to 2007 when he filed this motion. So how would you corral any motions to reopen? It just sounds like whenever you're putting forth a rule that anytime someone wants to file it, that that would be a good time. No, Your Honor. In fact, in January of 2007, this court, when this court says something, it creates a flurry in the immigration community of motions to reopen, possibilities of relief for people who have had no chance to file anything. This court said in January, under 1003.23B1, you're no longer barred. The statute says you may file one in 90 days, and this court has created exceptional circumstances where you can file beyond that, such as. And how long did it take your client? After the Lynn decision, one month, he feed in the motion to reopen. He feed it in in February of 2007, and the motion in support was filed in August of 2007. Let's get back to the special St. Cyr regulation. Because we have cases saying that if something's published in the Federal Register, that's constructive notice, so that everyone is on notice that there is a new law and a new source of relief. So I'm still struggling with why he's excused from filing by that April 2005 deadline. I would argue, Your Honor, that because of the post-departure motion bar to motions to reopen. And the 1003.44K2 said that if you have left the country. Do you have a case on point? I'm sorry, for what? For the proposition that you're arguing right now. Well, 1003.44K2 indicates that if you file, you are, K2 at 1, or A and B, it says that you cannot file a post-departure motion to reopen if you're outside the country. So you're saying he wasn't eligible under, I think I'm understanding you, you're saying he wasn't eligible under the special St. Cyr relief because he had illegally departed? Is that what you're saying? Well, he had been physically and forcefully departed by the United States. And then he had re-entered, which I think is what they said in K, right? Yes. If you've re-entered, then you can't, you're not eligible for that form of relief. This section does not apply to aliens issued a final order of deportation or removal who then illegally returned to the United States. So because he illegally returned, he wouldn't have been eligible? Is that what you're saying? Yes, Your Honor. So you're saying since that, because he illegally returned, he wasn't eligible for special relief, then there has to be some form of relief available for him? Yes, Your Honor. Okay, I think I understand. Do you want to save the balance for rebuttal? Yes, Your Honor. Okay, thank you. Thank you. Good morning. Good morning, Your Honors. May it please the Court. My name is Cori Farrell, and I'm here today on behalf of the Attorney General. Although this case involves very complicated 212C issues, at the bottom we have an untimely motion to reopen. Petitioner here was ordered removed in 2000, waived appeal, was removed, and then seven years later filed an untimely and unsupported motion to reopen. He failed to establish that the filing deadline should be equitably told because there's no evidence that he exercised due diligence in finding out his eligibility for 212C relief. Therefore, the Board acted within its considerable discretion when it denied the motion to reopen, and the Court should therefore deny the petition for review. So the argument is he wasn't eligible for the special regulation relief because he illegally returned, and yet the IJ had misinformed him based on the precedent at the time but had misinformed him about the availability of 212C relief. So does that mean he's just without remedy for something where he actually did have the ability to get the 212C relief originally? No, Your Honor. First, I'm not sure that that argument was exhausted before the Board and the immigration judge that he couldn't file the special motion to reopen because he was departed. I don't believe that argument was exhausted, and I don't believe that the Board addressed it. And second, even if that were the case, if he did exhaust the argument, he still had to show that he exercised some sort of due diligence. And here we don't have a declaration from the petitioner stating what he did. Well, actually, we don't even know exactly when he learned of this relief. In the motion to reopen, he states that he learned of the relief on July 31st of 2006, but then in petitioner's brief before this court, he states that that was a typographical error and he learned of the availability of relief 90 days before the motion to reopen was filed. So we don't even know exactly when he learned of the availability of relief, let alone any evidence that he exercised due diligence in discovering the availability of relief. Now, you filed a 28-J letter regarding Gallegos Vasquez. Yes, Your Honor. And you appear to concede that that would be problematic on that prong, that it would. And so it's your position that his petition should be denied on the narrow basis that the BIA correctly concluded his motion to reopen was years untimely. Is that correct? Yes, Your Honor. The government concedes that the recent decision undermines the board's 212C reliance argument. I would just also like to note, though, that as far as I'm aware, the government has not decided whether to seek rehearing on that case. But at this time, yes, the court can decide this on the untimeliness issue. Thank you. So based on this lack of evidence of any steps that Petitioner took to exercise reasonable due diligence, the board acted well within its wide discretion in denying this years untimely motion to reopen. Does the court have any further questions? Well, I guess he was represented by counsel and paid a fee to file his motion to reopen February of 2007, correct? Yes. Is there any evidence in the record to support Mr. Tapia Luna's contention that he did not have notice of his eligibility for 212C relief until within 90 days of the filing of the motion to reopen in August of 2007? No, Your Honor. All we have is the motion to reopen filed by counsel. And as Petitioner recognizes, assertions of counsel are not evidence. We don't have a declaration or anything establishing when he learned of relief. Now, remind me of your position regarding equitable tolling. Isn't it your contention that we don't have jurisdiction to consider that? That is the government's position that because it's an application of fact to law and we have clearly disputed facts in this case, we don't know when he learned of the availability of relief that the court lacks jurisdiction. However, if the court does determine that it has jurisdiction over the issue, the government's alternative position is that the board acted within its discretion. I had a question about that because your argument about the facts were disputed and it had to do with exactly when his attorney told him about it. Why does that make a difference here? In other words, if the attorney had told him within the 90 days, would you then say it was timely? If his attorney told him within the 90 days, if he filed his motion to reopen. If it was undisputed, there was a typo in that. He had intended to say it was in 2007 that he got notice. Then the facts are undisputed and would you then concede that equitable tolling should apply? No, Your Honor. I would not concede that equitable tolling would apply because we still have a large gap of time that we don't know what steps he took. So that part is undisputed, right? And so that's why I was a little bit questioning about the argument that we didn't have jurisdiction because the facts were in dispute because I wasn't sure why the disputed facts made a difference. It is correct, Your Honor, that our position would still be that he didn't. There's no evidence that he exercised the due diligence for that large gap in time there. So your best argument at this point is that Gallegos-Vasquez takes one issue off the plate and that we have jurisdiction but that we should deny it because of the untimeliness. That's correct, Your Honor, on the very narrow timeliness grounds for lack of due diligence. All right. Any additional questions? Why should we have additional comments? Thank you. All right. You have a minute and a half to respond. Thank you. Thank you, Your Honor. First, again, the omissions of counsel, the July 31, 2006 date. Again, the record is silent as to when he definitively learned. And, in fact, I would argue he still has not definitively learned of his right to seek 212C relief. This is not a case in which there was an attorney who didn't file something on time and another attorney can say he didn't file it on time. And he definitively learned that his brief had not been filed. This is a case where the judge did not inform him of his right to relief. And until this court, the BIA agrees that he didn't have to, agrees with the judge, until this court says it's a due process violation, you were supposed to be given the right to seek relief. But whether or not the judge informed him or didn't inform him, the judge was relying on precedent at the time, there was a change in the law and then there was regulations that were promulgated to provide for people who hadn't been informed or who had been misinformed. And that's what troubles me. Why isn't he held responsible for knowing about it? Because he was barred from filing a post-departure motion to reopen. Under 1003.23b1, he was barred from filing a post-departure motion to reopen. Under the special regulations, he was barred from filing a post-departure motion to reopen. It was not until this court spoke in January of 2007 that he was told the regulations barring post-departure motions to reopen are invalid and in violation of the Immigration and Nationality Act. Is there a case relating to this special regulation, special relief regulation, that says that the Section K is invalid? Not specifically. There is various cases, Avila-Sanchez, which is against us. It says it doesn't violate the equal protection on other issues. But there is nothing that says, nobody that's challenged it under 240c7a, saying that it violates the Immigration and Nationality Act's right to seek one motion to reopen within 90 days. So was that a no? There is nothing that says Section K is invalid? Not, no. Okay, thank you. All right. That concludes argument. This matter is submitted. Thank you both for your very prepared argument. It was helpful to the Court. Thank you.
judges: Rymer, Callahan, Ikuta